**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| JASWINDER SINGH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-CV-00711 |
| | § | |
| WARDEN OF THE RIO GRANDE | § | |
| PROCESSING CENTER, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Pending before the Court is Petitioner Jaswinder Singh's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

**Background**

Petitioner is a native of India and has resided in the United States for over nine years. (*See* Dkt. 1 at 2.) He is also the father of a one-year-old child who is a United States Citizen. (*Id.* at 3.) Petitioner entered the United States without inspection in January of 2017 and was initially apprehended by immigration authorities. (*Id.* at 2, Attach. 1 at 5.)[1] He was subsequently released on bond after it was determined that he was not a flight risk or danger to the community. (Dkt. 1 at 2.) Around that time, Petitioner filed an Application for Asylum. (*Id.*) On or about December 1,

---

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

2025, Petitioner was reapprehended by immigration authorities at a vehicle checkpoint and taken into custody at the Rio Grande Processing Center where he remains detained. (*Id.* at 1, 3.)

On January 20, 2026, Petitioner filed his first Petition for Writ of Habeas Corpus. (Dkt. 5 at 2); *see also Jaswinder v. Vergara et al*, 5:26-cv-00081, Dkt.1 (S.D. Tex. Mar. 3, 2026). In the Petition, he brought one statutory claim, arguing that his mandatory detention under 8 U.S.C. § 1225(b)(2) violated the Immigration and Nationality Act (INA) and that he was entitled to relief pursuant to the Bond Eligible Class set forth in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). *See id.* On March 3, 2026, the Court denied Petitioner's first Petition after finding that he was not a member of the Bond Eligible Class. *Jaswinder v. Vergara et al*, 5:26-cv-00081, Dkt.27 (S.D. Tex. Mar. 3, 2026). Following the Court's Order, an Immigration Judge denied Petitioner's Application for Asylum on March 30, 2026, and Petitioner timely filed an appeal with the Board of Immigration Appeals (BIA) on April 8, 2026, which remains pending. (Dkt. 1 at 3.)

After more than another month in custody, Petitioner filed the current Petition for Writ of Habeas Corpus on April 20, 2026. (Dkt. 1.) Petitioner now argues that he is being unlawfully detained subject to mandatory detention under 8 U.S.C. § 1225(b) in violation of his Fifth Amendment Due Process rights. (Dkt. 1 at 8–12.) He asks the Court to order his immediate release or in the alternative, provide him with a bond hearing. (*Id*. at 15–16.) The Court ordered Respondents to respond to Petitioner's petition on or before April 27, 2026. (Dkt. 3.) Respondents filed a timely Motion for Summary Judgment arguing that Petitioner should not be entitled for consideration on the pending petition because it does not raise new issues that were not addressed with his first petition. (Dkt. 5 at 5.) Petitioner filed a reply to Respondents' response claiming that the current petition raises a new constitutional due process claim. (Dkt. 6 at 2.)

2 / 5

**Discussion**

Respondents argue that Petitioner's petition should be dismissed pursuant to 28 U.S.C. § 2244 because under the statute "no circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." (Dkt. 5 at 4) (citing 28 U.S.C. § 2244(a)). As Petitioner filed a previous petition with this Court, Respondents claim that his current Petition does not raise new issues or claims. The Court rejects Respondents' argument as Petitioner filed a previous petition with the sole claim being that his detention violated his rights as a member of the Bond Eligible Class pursuant to *Maldonado Bautista*. *See Jaswinder v. Vergara et al*, 5:26-cv-00081, Dkt.1 (S.D. Tex. Mar. 3, 2026). His current petition presents a constitutional claim that his detention violates his due process rights which was not previously presented to or decided by the Court.

Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 2026 WL 539475 (S.D. Tex. Feb. 20, 2026) and *Strunin v. Garcia*, 2026 WL 958952, at *1 (S.D. Tex. Mar. 3, 2026), in which the Court determined that the petitioner's detention by ICE violated his rights under the Due Process Clause. Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and in *Strunin* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner

3 / 5

is a noncitizen who previously entered the United States without inspection and has established ties to the United States through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at *7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite,* 3:26-cv-00312-DB, at *3 n. 2 (W.D. Tex. Feb 10, 2026); *Torres v. Hermosillo*, 2026 WL 145715, *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 2025 WL 3122784, *2 (D. Mass. Nov. 7, 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 3:26-cv-292 (W.D. Tex. Feb. 25, 2026).

Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Motion for Summary Judgment Relying Upon 28 U.S.C. § 2244, (Dkt. 5), is **DENIED**.

4 / 5

1.      Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2.      Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **<u>no less than three hours</u>** prior to Petitioner's release from custody.

3.      Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

4.      If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

IT IS SO ORDERED.

SIGNED this April 29, 2026.

Diana Saldaña
United States District Judge